UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
In re:                                                      :        Chapter 11
                                                            :
WORLDCOM, INC., *et al.*,                                   :        Case No. 02-13533 (AJG)
                                                            :
                    Debtors.                                :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
DEUTSCHE BANK A.G.                                          :
LONDON BRANCH,                                              :
                                                            :
                    Appellant,                              :
                                                            :
           - against -                                      :        05 Civ. 10198 (RJH) (AJG)
                                                            :
                                                            :
WORLDCOM, INC,                                              :        <u>**MEMORANDUM**</u>
                                                            :        <u>**OPINION AND ORDER**</u>
                    Appellee.                               :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        In this bankruptcy appeal, Deutsche Bank A.G. London Branch ("Deutsche Bank")

seeks review of a bankruptcy court's grant of summary judgment against it.  The three

principal questions raised on appeal can be stated as follows: (1) Did the bankruptcy judge

properly admit WorldCom, Inc.'s ("WorldCom") consolidated, restated balance sheet in

granting WorldCom's motion for summary judgment?  (2) Did the bankruptcy judge

properly apply Section 14-2-640 of the Georgia Business Corporations Code in granting

summary judgment?  (3) Was there sufficient evidence before the bankruptcy court for it to

find that there was no genuine issue of material fact and WorldCom was entitled to a

judgment as a matter of law?  The Court answers all three questions in the affirmative and

denies Deutsche Bank's appeal.

## BACKGROUND

The underlying facts that constitute the basis for this appeal are not disputed.  Prior to bankruptcy, WorldCom had two classes of common stock, WorldCom Group and MCI Group.  MCI Group shares were a tracking stock, intended to reflect the performance of certain of WorldCom's lines of business.  Deutsche Bank held 13,178,200 shares of MCI Group common stock, or approximately eleven percent of the outstanding shares.  In May 2002, WorldCom's board of directors unanimously voted to return to a single class of common stock by converting MCI Group shares to WorldCom Group shares.  At the same time, WorldCom declared a final quarterly dividend of $0.60 per MCI Group share, payable on July 15, 2002.

On June 26, 2002, WorldCom announced its intention to restate its financial statements for 2001 and the first quarter of 2002 as a result of serious accounting problems.  Nonetheless, WorldCom announced on July 1, 2002 that it still intended to pay the dividend.  By July 11, 2002, however, WorldCom determined that it would not pay the dividend and issued a press release to that effect.  The dividend was never paid.  On July 21, 2002, WorldCom filed a Chapter 11 petition in the Bankruptcy Court of the Southern District of New York.  Deutsche Bank timely filed two proofs of claim against WorldCom, 25985 and 25986, only the former of which is at issue in this appeal.

Deutsche Bank sought payment of $7,906,920 for breach of contract for the dividend on MCI Group shares that was announced but never paid.  In WorldCom's 14th Omnibus Objection to Claims, it asserted that the contract claim was subject to mandatory subordination and should be expunged without payment.  After briefing and argument on the subordination objection, Bankruptcy Judge Hardin noted that state law generally

precluded an insolvent company from paying a dividend to shareholders (Tr. of

Proceedings, May 11, 2005, at 46–56) and directed WorldCom to file a motion for

summary judgment addressing the merits of Deutsche Bank's claim.  Accompanying this

motion was a Declaration by Adam P. Strochak, counsel for WorldCom, which attached

WorldCom's consolidated, audited, restated balance sheet for year-end 2003, identifying

the document as an excerpt from the company's 10-K dated March 12, 2004 filed with the

Securities Exchange Commission ("SEC").  The balance sheet showed that WorldCom's

liabilities exceeded its assets by nearly $9.5 billion at the end of 2001 and by $19.5 billion

at the end of 2002.  In its opposition brief, Deutsche Bank attempted to argue that

WorldCom was solvent in between those dates, and was thus allowed to make the

distribution.  In support of this claim, Deutsche Bank questioned the underlying analysis

and the authorship of the balance sheet, but did not conduct nor ask for more time to

conduct additional discovery on the matter.

    Following oral argument held telephonically on September 28, 2005, Judge Hardin

granted WorldCom's motion for summary judgment, articulating his reasoning on the

record.  Judge Hardin held:

> [T]here's no dispute that if the debtors were insolvent then
> the declaration of and payment of the dividend was and
> would have been unlawful and could not have been done.
> Something that is unlawful cannot give rise to a valid
> allowable claim . . . .  [T]he gross insolvency as of 2001 year
> end and 2002 year end gives rise to a presumption, a most
> compelling inference that WorldCom was insolvent during
> the entire year between those two dates. . . .  [T]here has
> never to my knowledge and so far as the record before me
> reveals been the slightest suggestion from any source in any
> context that the debtor and its subsidiaries were solvent
> during that one-year period.

(Tr. of Proceedings, Sept. 28, 2005, at 21–23.)  Deutsche Bank now challenges that ruling.

**STANDARD OF REVIEW**

On appeal, a district court reviews a bankruptcy court's finding of facts under a clearly erroneous standard, Fed. R. Bankr. 8013, and its conclusions of law de novo, *In re AroChem Corp.*, 176 F.3d 610, 620 (2d Cir. 1999); *In re Bennett Funding Group, Inc.,* 146 F.3d 136, 138 (2d Cir.1998).  A bankruptcy court's evidentiary rulings are reviewed for an abuse of discretion.  *Ball v. A.O. Smith Corp.*, 321 B.R. 100, 106 (N.D.N.Y. 2005) (citing *Manley v. AmBase Corp.*, 337 F.3d 237, 247 (2d Cir. 2003)).

**DISCUSSION**

1.    **Admissibility of WorldCom's Restated, Consolidated Balance Sheet**

In granting WorldCom's motion for summary judgment, the bankruptcy court relied heavily, if not exclusively, on WorldCom's consolidated balance sheet.  (*See* Tr. of Proceedings, Sept. 28, 2005, at 14.)  Deutsche Bank argues that this balance sheet, attached as an exhibit to the declaration of WorldCom's attorney, Adam Strochak, is inadmissible because the declarant had no personal knowledge of the contents of the exhibit.[1]  If it were properly excluded under the Federal Rules of Evidence, Deutsche Bank continues, there would be insufficient evidence in the record to merit the grant of summary judgment.  WorldCom responds that Deutsche Bank waived any objection to admissibility by failing to raise the evidentiary issue in front of the bankruptcy court, and that, in any event, the balance sheet is plainly admissible.

Under Rule 56(e) of the Federal Rules of Civil Procedure, "supporting and opposing affidavits [in a motion for summary judgment] shall be made on personal

---

[1] In the declaration, Mr. Strochak states in relevant part: "Attached hereto as Exhibit C is a true and accurate copy of the audited, restated Consolidated Balance Sheet of WorldCom, Inc. and its subsidiaries, filed with the United States Securities and Exchange Commission as part of the 10-K of WorldCom, Inc., dated March 15, 2004."  (Decl. of Adam Strochak, at 2.)

knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." However, if a party fails to object to the admission of evidence in front of a trial court, that objection is waived and may not be raised on appeal. 10A Charles Alan Wright, Arthur R. Miller, & Mary K. Kane, Fed. Prac. & Proc. § 2722 (3d ed. 1998) (collecting cases).

In its opposition to the motion for summary judgment and at oral argument, Deutsche Bank noted that WorldCom had not provided any information as to the authorship of the document or its underlying data, and asserted its right to depose the authors of the balance sheet and conduct discovery into their conclusions. (Mem. of Law in Opp. at 6 n. 3; Tr. of Proceeding, Sept. 28, 2005, at 4.) Yet at no time did Deutsche Bank seek such discovery; nor has it proffered any evidence suggesting that WorldCom's restated, audited financial statements are inaccurate. These statements do not amount to an evidentiary objection on which the trial court could rule, but merely express unspecified concerns about the accuracy of the balance sheet. They neither questioned whether the document is what WorldCom purported it to be—a part of the 10-K of WorldCom submitted with the SEC—nor raised a hearsay objection under Rule 802 of the Federal Rules of Evidence.

Late in the oral argument, however, counsel for Deutsche Bank noted that "Mr. Strochak does not have personal knowledge of --" at which point Judge Hardin interjected, "Of course he doesn't. . . . He annexed it as an exhibit." (Tr. of Proceeding, Sept. 28, 2005 at 16.) Counsel then dropped the issue and never objected to the admissibility of the Strochak declaration in a manner to allow Judge Hardin to explicitly address it. For purposes of this appeal, however, the Court will consider this exchange to constitute a

timely objection to the admission of the declaration on the grounds that Mr. Strochak lacked personal knowledge of the matter to which he was testifying.  *See* Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").[2]

The Court easily finds that the bankruptcy court did not abuse its discretion in overruling this objection.  Mr. Strochak's declaration states only that the exhibit "is a true and accurate copy of the audited, restated Consolidated Balance Sheet of WorldCom, Inc. and its subsidiaries, filed with the United States Securities and Exchange Commission as part of the 10-K of WorldCom, Inc., dated March 15, 2004."  (Decl. of Adam Strochak, at 2.)  He did not testify to the substantive contents of the WorldCom balance sheet, but instead, and necessarily, attached the balance sheet as an exhibit.  *See* Wright, Miller & Kane § 2722 (Rule 56(e) affiant may not describe or interpret a document's subject, but must attach the document as an exhibit).  As WorldCom's counsel throughout the bankruptcy, Mr. Strochak was clearly familiar with WorldCom's 10-K filings and had personal knowledge that the two-page balance sheet was part of the 102-page document filed with the SEC.[3]  Therefore, the Court finds this statement and the declaration containing it to be admissible.

Deutsche Bank never objected at argument to the admission of the balance sheet itself on grounds of authenticity, and that objection is waived.  Even if timely made, the

---

[2] Consistently, each case cited by Deutsche Bank in this appeal involves a question of the admissibility of the Rule 56(e) affidavit, not the admissibility of an attached exhibit.  The Court recognizes that an affiant must have personal knowledge of the matters to which he is attesting and that hearsay is not permitted in an affidavit.  It is apparent, however, that Mr. Strochak did have personal knowledge of the matters to which he was attesting and his affidavit by itself contained no hearsay.

[3] The document was freely available on the SEC's website, making it exceptionally easy for someone to have "personal knowledge" that it was an accurate copy of the March 15, 2004 SEC filing.  Indeed, judges in other contexts have taken judicial notice of the contents of an SEC filing under Rule 201 of the Federal Rules of Evidence.  *See, e.g.*, *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("district court may take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC").

objection would not have merit.  Rule 901(a) of the Federal Rules of Evidence explains that the burden of authenticating a document "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."  The most common means of authentication is the testimony of someone with personal knowledge to that effect.  As just stated, Mr. Strochak clearly had personal knowledge that the exhibit was part of WorldCom's March 15, 2004 filing with the SEC.  Authentication need not, as Deutsche Bank appears to argue, be by someone with personal knowledge of the underlying events described in the document, the substance or accuracy of the document, and the methods of calculation.  These concerns are properly addressed by evidentiary rules limiting the admissibility of hearsay; authentication only requires a showing that the document is what it purports to be.  Fed. R. Evid. 901 ("The requirement of authentication . . . is satisfied by evidence sufficient to support a finding that the matter in question is what its proponents claim.").  The Court finds that the exhibit was properly authenticated.

Deutsche Bank never raised any hearsay objections to the balance sheet, nor would such objections have had merit.  The document is admissible as a business record under Rule 803(6) of the Federal Rules of Evidence, or under the general exception found in Rule 807 of the Federal Rules of Evidence.  Moreover, Judge Hardin found that the intense public scrutiny involved in the restatement of WorldCom's financial adequately ensured that the results were trustworthy.  (Tr. of Proceeding, Sept. 28, 2005, at 9.)  The Court therefore holds that the bankruptcy court properly admitted WorldCom's restated balance sheet and relied on it in deciding the motion for summary judgment.

**2.      Application of Section 14-2-640 of the Georgia Business Corporations Code**

It is a basic principle of corporate law that a corporation cannot pay a dividend, and a shareholder may not sue on the basis of a failure to do so, when the corporation is insolvent.  This principle is codified in the laws of Georgia, under which WorldCom was incorporated.  Section 14-2-640 of the Georgia Code provides:

> No distribution may be made if, after giving it effect: (1) The corporation would not be able to pay its debts as they become due in the usual course of business; or (2) The corporation's total assets would be less than the sum of its total liabilities plus (unless the articles of incorporation permit otherwise) the amount that would be needed, if the corporation were to be dissolved at the time of the distribution, to satisfy the preferential rights upon dissolution of shareholders whose preferential rights are superior to those receiving the distribution.

Ga. Code Ann. § 14-2-640(c) (2002).  Thus, to raise an affirmative defense under this statute to Deutsche Bank's claims, WorldCom was required to show that it was insolvent when it refused to pay the dividend during 2002.  This showing can be made using either of the two tests of insolvency enunciated by the statute.  Deutsche Bank conceded as much at oral argument:

> Court: If the debtor was insolvent do you lose or is there some other issue?
>
> Mr. Estrada [counsel for Deutsche Bank]: If the debtor was, in fact, insolvent [at] the dates that we believe are the relevant dates, there is no further dispute.  That really is the issue, Your Honor.

(Tr. of Proceedings, Sept. 28, 2005, at 21–23.)

Nevertheless, Deutsche Bank argues that the lack of specific analysis of the Georgia statute is sufficient grounds for granting its appeal.  It contends that the statute required the bankruptcy court to make and articulate a number of determinations, including both tests articulated in the statute and whether WorldCom's board of directors made a

reasonable determination of insolvency in authorizing the dividends.[4]  (Reply Mem. 4.)

The Court disagrees.  Under the clear disjunctive language of the statute, a distribution is

prohibited if *either* insolvency test is satisfied; the bankruptcy court examined insolvency

under the second of the two tests.  Although the bankruptcy court could have more

explicitly discussed the Georgia statute, its failure to do so is by no means reversible error.

Instead, the bankruptcy court properly considered the critical issue of insolvency at the

relevant dates.[5]  This brings the Court to the final question on appeal.

**3.**      **Grant of Summary Judgment**

Deutsche Bank's final issue on appeal is whether WorldCom presented sufficient

evidence to demonstrate that no genuine issue existed as to whether WorldCom was

insolvent on the relevant dates, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986),

thus requiring Deutsche Bank to produce specific facts showing otherwise, *see Samuels v.

Mockry*, 77 F.3d 34, 36 (2d Cir. 1996); *Celotex*, 477 U.S. at 322–23.  In making this

determination, the bankruptcy court was required to assess the evidence in "the light most

favorable to the non-moving party," and resolve all ambiguities and "draw all reasonable

inferences" in its favor.  *Am. Cas. Co. v. Nordic Leasing, Inc.*, 42 F.3d 725, 728 (2d Cir.

1994); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  If WorldCom

successfully demonstrated the absence of a genuine issue of material fact, Deutsche Bank

---

[4] Apparently, Deutsche Bank draws this requirement from subsection 12-2-640(d), which states: "The board of directors may base a determination that a distribution is not prohibited under subsection (c) of this Code section either on financial statements . . . or on a fair valuation . . . ."

[5] Deutsche Bank also argues against summary judgment on the grounds that a separate subsection of the statute, which sets out when the calculation of insolvency should be conducted to determine the effect of a distribution, Ga. Code Ann. § 14-2-640(e), does not specify a relevant date for the situation here where a dividend was authorized, but not paid.  The Court finds no merit in this argument.  It would lead to the perverse result that the statute only applies once an illegal dividend is paid, thus leaving a corporation with no defense to avoid paying an illegal dividend, but liable to creditors once it has paid.  Instead, this statute takes effect when a corporation becomes insolvent, not simply after the corporation has made a distribution. *See, e.g.*, *In re Vista Eyecare, Inc.*, 283 B.R. 613, 622 (Bankr. N.D. Ga. 2002) (disallowing investor's claim for distribution on the ground that distribution was prohibited under Georgia statute).

could not rely on mere allegations, denials, conjectures or conclusory statements, but had to present affirmative and specific evidence showing that WorldCom may have been solvent during 2002. *See id.* at 256–57.

The bankruptcy court had before it evidence showing a total shareholders' deficit of almost $13 billion at year-end 2001 and over $26.5 billion year-end 2002. Although insolvency tends to be a fact-specific question, appropriate for a jury to decide, *see Klein v. Tabatchnick*, 610 F.2d 1043, 1048 (2d Cir. 1979), WorldCom was insolvent by such an enormous margin that its insolvency at the relevant dates—the time of the declaration (May) or the time of the proposed distribution (July)—can be decided as a matter of law. S*ee, e.g.*, *Eerie World Entm't, L.L.C. v. Bergrin*, No. 02 Civ. 6513 (SAS), 2004 U.S. Dist. LEXIS 23882, 2004 WL 2712197 (S.D.N.Y. Nov. 23, 2004) (granting summary judgment based on financial statements where plaintiff had submitted no evidence of insolvency on particular date). The bankruptcy court correctly found that no trier of fact could reasonably conclude that the company had at some point during 2002 become solvent, allowing it to legally make a distribution.[6]

The evidence was more than sufficient to demonstrate there was no genuine issue as to WorldCom's insolvency on any relevant date under the Georgia statute, and therefore required Deutsche Bank to present affirmative and specific evidence raising such an issue. Both in front of the bankruptcy court, and before this Court, Deutsche Bank was unable to do so. It failed to submit a single piece of evidence suggesting that WorldCom may have

---

[6] Deutsche Bank finds it important that the bankruptcy court relied on a "presumption, a most compelling inference" to reach this conclusion rather than direct evidence. (Tr. of Proceedings, Sept. 28, 2005, at 21–23.) However, neither Rule 56 nor the Georgia statute requires direct factual evidence or precludes the use of circumstantial evidence. While circumstantial evidence as a general matter may be weaker than direct evidence, the evidence proffered by WorldCom in this case was strong enough to demonstrate the absence of a genuine issue of material fact and required Deutsche Bank to come forward with evidence to the contrary.

been solvent or that the balance sheet was unreliable or inaccurate despite having ample time to adduce such evidence during discovery. Instead, Deutsche Bank insisted in front of the court below only that WorldCom's solvency during 2002 was "possible." (Tr. of Proceedings, Sept. 28, 2005, at 8.). Such conclusory statements or "metaphysical doubt" are insufficient to defeat a motion for summary judgment. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Therefore, the Court finds that WorldCom was entitled to summary judgment and the bankruptcy court correctly so held.

## CONCLUSION

For the foregoing reasons, Deutsche Bank's appeal is denied and the bankruptcy court's order is affirmed.

SO ORDERED.

Dated: New York, New York
December 21, 2006

Richard J. Holwell
United States District Judge

11